# Richmond.

## WEISS v. HOBBS.

### FEBRUARY 9th, 1888.

ATTACHMENT—*Sufficient grounds for.*—On motion to quash attachment as having been sued out on false suggestion, the issue being submitted to the court, the motion was sustained. The plaintiff excepted to the judgment:

HELD:

    Treating the evidence according to the rule as to demurrers to evidence, there was error in sustaining the motion.

Error to judgment of circuit court of Greenesville county, rendered April 27th, 1886, in an attachment suit wherein Henry W. Weiss was plaintiff, and Wiley J. Hobbs, Jr., was defendant. The court on defendant's motion quashed the attachment as having been sued out on insufficient grounds. To this judgment the defendant excepted and is here on writ of error and *supersedeas*. Opinion states the case.

*John Lyon*, for the plaintiff in error.

*R. B. Davis*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

· On the 2d day of March, 1886, the plaintiff, Henry W. Weiss, sued out an attachment under section 3 of chapter 148 of the Code of 1873, against the estate of the defendant, Wiley

J. Hobbs, Jr., to recover the sum of $1,036 09, as set forth in the bill of particulars filed therewith; which said attachment was duly levied and returned by the officer to whom it was directed and delivered.

On the first day of the April term, 1886, of the circuit court, the defendant, Hobbs, appeared and moved to quash the said attachment, upon the ground that it was issued upon false suggestions, and without sufficient cause. Neither party desiring a jury, all questions of law and fact were submitted to the court, who, being "of opinion that the attachment in this case was issued upon false suggestions, and without sufficient cause," adjudged that "the same be quashed and abated," and that the plaintiff pay the defendant costs, &c. To which judgment, the plaintiff excepted; and the bill of exceptions sets forth all the testimony in the case, both verbal and documentary.

"The whole matter of fact and law in this case having been submitted to the court, neither party requiring a jury, and the judgment of the court being upon the evidence, which is certified in the bill of exceptions as being all the evidence in the cause, the bill of exceptions must be regarded as a demurrer to the evidence by the plaintiff in error." (*Hodge's Executor* v. *First National Bank of Richmond,* 22 Gratt., 51; *Dobson* v. *Culpeper,* 23 Gratt., 352.) "And the plaintiff in error, the exceptor, must be taken to have admitted, as in case of a demurrer to evidence, all that could be reasonably inferred by a jury from the evidence given by the plaintiff (or exceptee) below; and to have waived all the evidence on his part which conflicts with it, or which tends to establish a case inconsistent with the case proved by it." (*Backhouse's Executor* v. *Selden,* 29 Gratt., 586, citing *Tutt* v. *Slaughter's Administrator,* 5 Gratt., 364.)

We are of opinion that, applying this rule to the evidence in this case, the testimony of the exceptee himself, upon his cross-examination taken by itself and unimpeached and unaf-

fected by contradictory evidence, or taken in connection with
so much of the exceptor's evidence as is not in conflict with it,
to-wit, documentary evidence of the general indebtedness of
the exceptee, and the numerous pending suits and judgments
against him, and the deeds of trust and other liens encumber-
ing his property, clearly and indisputably prove the fact that
he, the said Wiley J. Hobbs, defendant, had removed, at the
time the attachment was issued against him, and was then in
the act of removing his effects out of this State, so that there
was not even then remaining within the State of Virginia
sufficient effects of the said debtor, Wiley J. Hobbs, defendant
in the said attachment suit, to satisfy the claim of the said
Henry W. Weiss, the plaintiff in the said attachment.

We are of opinion, that the attachment was properly sued
out, and that the affiant, Henry W. Weiss, plaintiff in said
attachment, had good and sufficient grounds for the belief that
the said Wiley J. Hobbs, his debtor, had removed, and was re-
moving, and intended to remove his effects out of this State,
so that there would probably not be therein sufficient effects
of the debtor, the said Wiley J. Hobbs, to satisfy his claim
when "judgment is obtained therefor, should only the ordinary
process of law be used to obtain such judgment."

The circuit court erred, therefore, in deciding and adjudging,
that the attachment was sued out upon false suggestions and
without sufficient cause; and in quashing the said attachment,
and giving costs against the said plaintiff. The said judgment,
is, therefore, reversed and annulled; and the cause remanded
to the circuit court of Greenesville county, with instructions to
proceed in accordance with this opinion.

Judgment reversed.